■ ANGELO KALOGERIDES, Appellant, v CITIBANK, N. A., et al., Respondents. [649 NYS2d 806] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lisa, J.), dated October 17, 1994, which granted the defendants' respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff was injured when he slipped and fell in that portion of a building owned by the defendants George and Zoe Alikakos which had been leased to the defendant Citibank, N. A. (hereinafter Citibank), for use as a branch bank office. Citibank contracted with the defendant Trans World Maintenance to provide daily cleaning services commencing at 6:00 P.M. each business day. The plaintiff alleges that on August 9, 1991, at approximately 2:00 P.M., he was caused to fall just inside the second set of entrance doors to the bank due to a wet floor.

"To prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition" (*Bradish v Tank Tech Corp.*, 216 AD2d 505, 506; *see also, Gaeta v City of New York*, 213 AD2d 509; *Pirillo v Longwood Assocs.*, 179 AD2d 744). There is no evidence in the record to establish that any of the defendants had notice of the allegedly dangerous condition which caused the plaintiff to fall or that any of them created such a condition. Accordingly, the Supreme Court properly granted the defendants' respective motions to dismiss the complaint and all cross claims insofar as asserted against them (*see, Kraemer v K-Mart Corp.*, 226 AD2d 590; *Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280). Santucci, J. P., Joy, Krausman and Florio, JJ., concur.