(March 24, 1997)

■ MIGUEL ALVAREZ, Appellant, v COMPASS RETAIL, INC., et al., Respondents, et al., Defendant, and E.Q.K. GREEN ACRES,

L.P., Defendant and Third-Party Plaintiff-Respondent. F.W. WOOLWORTH COMPANY, Third-Party Defendant-Respondent. [655 NYS2d 979] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated July 29, 1996, which granted the motion of the defendants Compass Retail, Inc., E.Q.K. Green Acres Corp., E.Q.K. Green Acres Associates, and E.Q.K. Green Acres, L.P. for summary judgment dismissing the complaint and any cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when he slipped and fell in the basement of the store of the third-party defendant-respondent F.W. Woolworth Company (hereinafter Woolworth's), located in the mall owned by the defendant E.Q.K. Green Acres, L.P. At the time of the accident the plaintiff was employed by Woolworth's as a clerk. The plaintiff alleges that on January 30, 1992, at approximately 8:30 A.M., he was caused to fall on the basement cement floor which had been made slippery due to debris from leaking garbage bags and/or flooding.

" 'To prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition' " *(Kalogerides v Citibank,* 233 AD2d 298, quoting *Bradish v Tank Tech Corp.,* 216 AD2d 505, 506; *Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280, 281, citing, *inter alia, Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692).

In the present case, the motion for summary judgment was properly granted, since there is no evidence in the record to establish that any of the moving defendants created the allegedly hazardous condition or had actual or constructive notice thereof *(see, Kalogerides v Citibank, supra; Pirillo v Longwood Assocs.,* 179 AD2d 744). Pizzuto, J. P., Altman, McGinity and Luciano, JJ., concur.