■ NOEMI GLORIOSO et al., Respondents, v LARRY E. SCHNABEL, Appellant. [677 NYS2d 604] —In an action to recover dam-

ages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Lisa, J.), dated November 14, 1997, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Noemi Glorioso was injured when she fell backward down the stairs leading from her second floor apartment to the first floor lobby of a building owned by the defendant. When she fell, she was allegedly facing the top of the staircase, standing on one of the steps, while attempting to wipe another step with a rag. She and her husband subsequently commenced this action against the defendant.

The Supreme Court erred in denying the defendant's motion for summary judgment. Based on the deposition testimony of the parties and nonparty witnesses, the defendant established his entitlement to summary judgment. In opposition to the motion, the plaintiffs submitted an affidavit from an expert who noted certain defects in the condition of the stairs which, in his opinion, were the cause of Mrs. Glorioso's accident.

Opinion evidence must be based on facts in the record or personal knowledge (*see, Interstate Cigar Co. v Dynaire Corp.*, 176 AD2d 699; *DeTommaso v Fitzgerald Constr. Corp.*, 138 AD2d 341). The expert's opinion that Mrs. Glorioso's fall was caused by the defective condition of the stairs is not supported by the record. Such a conclusion is purely speculative (*see, DeTommaso v Fitzgerald Constr. Corp., supra*). Since the plaintiffs failed to come forward with any evidence sufficient to raise a triable issue of fact, the defendant is entitled to summary judgment dismissing the complaint. Bracken, J. P., Pizzuto, Altman and Luciano, JJ., concur.