■ MARY MADTES, Appellant, v TOWN OF BROOKHAVEN et al., Defendants, and BI-COUNTY PAVING CORPORATION, Respondent. [713 NYS2d 73] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated July 26, 1999, as, upon granting the motion of the defendant Bi-County Paving Corporation for leave to renew its prior motion for summary judgment dismissing the complaint insofar as asserted against it, which was denied by order of the same court dated December 31, 1996, granted the motion, and (2) so much of a judgment of the same court, entered September 22, 1999, as is in favor of Bi-County Paving Corporation and against her dismissing the complaint insofar as asserted against it. The plaintiff's notice of appeal from the order is also deemed to be a notice of appeal from the judgment (see, CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff alleged that improper use of a fire hydrant by the defendant Bi-County Paving Corporation (hereinafter Bi-County) during repair work it was performing on Route 25A resulted in the collapse of the adjacent roadway, Vidoni Drive, causing her accident. However, in opposition to a motion for summary judgment by another defendant in this case, the plaintiff submitted an affidavit from an expert who concluded that the collapse of the roadway was caused by the faulty construction of a vault beneath a manhole. The faulty construction allowed vehicles on Vidoni Drive to push sand and dirt, which supported the road, into the vault, causing the eventual collapse of the roadway. Based on this opinion by the plaintiff's expert, Bi-County moved to renew its motion for summary judgment which had been denied by a prior order of the same court.

Bi-County met its burden of establishing prima facie that its alleged negligent use of the fire hydrant was not a proximate cause of the events which produced the plaintiff's injuries (see,

*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). The plaintiff failed to come forward with evidence sufficient to raise a triable issue of fact as to causation. In view of the opinion of her own expert, the evidence relied upon by the plaintiff to establish Bi-County's liability was speculative at best. O'Brien, J. P., Sullivan, Altman and H. Miller, JJ., concur.