■ NICOLE PAPAZIAN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [740 NYS2d 450] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated February 7, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On the morning of December 30, 1998, the plaintiff was injured when she slipped and fell on a wet area while walking on an outdoor platform at the 18th Avenue subway station in Brooklyn. The plaintiff alleged that the wet area was caused by an overflowing overhead water collection device rather than by the precipitation that was falling at the time of her accident. The Supreme Court subsequently granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

"To prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition" (*Alvarez v Compass Retail,* 237 AD2d 473, 474 [internal quotation marks omitted]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837).

The defendant submitted evidence that there was no prior record of any overhead leaks or pedestrian accidents on the platform to support a claim that it either created or had actual or constructive notice of the allegedly hazardous condition (*see Alvarez v Compass Retail, supra; see generally Alvarez v Prospect Hosp.,* 68 NY2d 320). The affidavit of the plaintiff's expert,

based on an inspection 20 months after the accident, failed to establish that a defect existed in the water collection system on the date in question. It was speculative to conclude that it was more likely that the wet area was caused by such a defect rather than by the precipitation falling on the accident date (*see generally Zuckerman v City of New York,* 49 NY2d 557). Therefore, the defendant's motion for summary judgment was properly granted. Altman, J.P., Florio, H. Miller and Cozier, JJ., concur.