■ Nina Picerno, Respondent, v New York City Transit Authority, Appellant. [771 NYS2d 549]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated September 24, 2002, which denied its motion, in effect, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly sustained injuries when, descending a staircase at a subway station, she slipped and fell on a puddle of water. It is undisputed that it had been raining on the day of the plaintiff's fall. The plaintiff commenced the instant action against the defendant New York City Transit Authority. The defendant moved, in effect, for summary judgment dismissing the complaint. The Supreme Court denied the motion. We reverse.

"To prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition" (*Kalogerides v Citibank,* 233 AD2d 298 [1996] [internal quotation marks omitted]; *see Bradish v Tank Tech Corp.,* 216 AD2d 505, 506 [1995]; *Alvarez v Compass Retail,* 237 AD2d 473, 474 [1997]).

Here, the defendant established its entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]). The affidavit of the plaintiff's expert was speculative, unsubstantiated, and conclusory (*see Mestric v Martinez Cleaning Co.,* 306 AD2d 449 [2003]; *Hartman v Mountain Val. Brew Pub,* 301 AD2d 570, 571 [2003]; *Scola v Sun Intl. N. Am.,* 279 AD2d 466, 467 [2001]; *Koller v Leone,* 299 AD2d 396, 397 [2002]; *Papazian v New York City Tr. Auth.,* 293 AD2d 658, 658-659 [2002]; *Glorioso v Schnabel,* 253 AD2d 787, 788 [1998]), and was insufficient to support the plaintiff's claim that the water was caused by structural defects and a faulty drainage system rather than by the precipitation that was falling on the date of the accident (*see Papazian v New York City Tr. Auth., supra*).

Therefore, the Supreme Court should have granted the defendant's motion, in effect, for summary judgment dismissing the complaint.

In light of the foregoing, we need not reach the defendant's remaining contention. Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.