■ JOHN TANTUCCIO et al., Respondents, v MARINA HOLDING CORP., Doing Business as VENICE MARINA, Appellant. (And a Third-Party Action.) [799 NYS2d 234]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated October 14, 2004, as denied that branch of its motion which was for summary judgment dismissing the cause of action to recover damages based on negligence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the cause of action to recover damages based on negligence is granted, and that cause of action is dismissed.

The plaintiffs were injured in an accident which occurred

when their motor boat exploded and caught fire shortly after it was refueled at the defendant marina. The boat, which had been manufactured in 1983, was purchased by one of the plaintiffs and his mother approximately two weeks before the accident. The plaintiffs commenced this action alleging, inter alia, that the accident was caused by the defendant's unsafe boat-fueling procedures.

The defendant established its prima facie entitlement to summary judgment dismissing the cause of action to recover damages based on negligence by submitting evidentiary proof that the accident was caused by a leaking fuel-fill connection in the boat, which allowed gasoline to flow into the bilge where it was ignited either by the heat of the engine or a spark from the boat's electrical system. In opposition, the affidavit of the plaintiffs' expert, which was based on the theory that marina personnel pushed the boat off the dock after refueling without giving the plaintiffs adequate time to ventilate gasoline vapors with exhaust blowers, was speculative and conclusory. Thus, the plaintiffs failed to raise a triable issue of fact as to whether the defendant's alleged negligence was a proximate cause of the accident (*see Barry v Chelsea Yacht Club of Chelsea on Hudson,* 15 AD3d 323 [2005]; *Picerno v New York City Tr. Auth.,* 4 AD3d 349 [2004]; *Krolak v Dubicki, Inc.,* 1 AD3d 318 [2003]; *Madtes v Town of Brookhaven,* 275 AD2d 444 [2000]). Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages based on negligence should have been granted. S. Miller, J.P., Krausman, Fisher and Lifson, JJ., concur.