STEPHEN LEPORE, Respondent, v RYDER TRUCK RENTAL, INC., Appellant. [806 NYS2d 66]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ruditsky, J.), dated November 16, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly sustained personal injuries when, upon stepping onto an exterior step of a delivery truck, the step broke. The defendant provided the truck to the plaintiff's employer and was also responsible for providing "routine maintenance" service. The plaintiff commenced this action against the defendant to recover damages for personal injuries. Thereafter, the defendant moved for summary judgment. The Supreme Court denied the motion. We reverse.

In support of its motion, the defendant made a prima facie showing of entitlement to judgment as a matter of law by presenting evidence that it did not have notice of the alleged defective step (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert was speculative and insufficient to defeat the defendant's motion (*see Tantuccio v Marina Holding Corp.*, 20 AD3d 472 [2005]; *Amona v Orange & Rockland Util., Inc.*, 17 AD3d 386 [2005]). Moreover, contrary to the plaintiff's contention, the doctrine of res ipsa loquitur is not applicable here (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226-228 [1986]).

Accordingly, the defendant's motion should have been granted. Florio, J.P., Crane, Mastro and Rivera, JJ., concur.