■ MARGARET REDDY, Respondent, v 369 LEXINGTON AVENUE Co., L.P., Defendant and Third-Party Plaintiff-Respondent-Appellant. L.A. WEIGHT LOSS CENTERS, INC., Third-Party Defendant-Appellant-Respondent. [819 NYS2d 776]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated June 1, 2005, as denied its motion for summary judgment dismissing the complaint, and the defendant and third-party plaintiff cross-appeals from so much of the same order as denied its motion for summary judgment on the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the third-party defendant's motion and substituting therefor a provision granting the motion, and by deleting the provision thereof denying the defendant and third-party plaintiff's motion and substituting therefor a provision denying that motion as academic; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant and third-party plaintiff and the third-party defendant appearing separately and filing separate briefs, payable by the plaintiff, and the complaint is dismissed.

The plaintiff, Margaret Reddy, an employee of the third-party defendant L.A. Weight Loss Centers, Inc. (hereinafter LA Weight Loss), which leased its premises from the defendant and third-party plaintiff, 369 Lexington Avenue Co., L.P. (hereinafter 369 Lex), was injured when shelving collapsed on top of her. She testified at a deposition that she had noticed the subject shelving to be loose three or four months prior to her accident, and had informed "Emilio," the building handyman.

"Generally, a landlord may be held liable for injury caused by a defective or dangerous condition upon the leased premises if the landlord is under a statutory or contractual duty to maintain the premises in repair and reserves the right to enter for inspection and repair. Additionally, the burden is on the plaintiff to prove not only that a dangerous condition existed on the premises but also that the landlord had notice of that condition and a reasonable opportunity to repair it" (*Juarez v Wavecrest Mgt. Team,* 88 NY2d 628, 642 [1996] [citations omitted]). "Constructive notice may be found where an out-of-possession landlord reserves a right under the terms of the lease to enter the premises for the purpose of inspection and maintenance or repair and a specific statutory violation exists" (*Briggs v Country Wide Realty Equities,* 276 AD2d 456, 457 [2000]).

LA Weight Loss demonstrated, prima facie, that 369 Lex was not liable for the plaintiff's injuries by submitting the testimony of the managing agent of 369 Lex, that there was no maintenance employee at the subject premises named Emilio (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

The plaintiff attempted to raise a triable issue of fact by submitting the subject lease, which contained a clause reserving the right of entry, and the affidavit of an expert architect, who testified that 369 Lex had violated the Administrative Code of the City of New York §§ 27-127 and 27-128. However, the expert stated that she had no personal knowledge of the plaintiff's accident, and that she based her conclusions on facts of which she had been informed. Expert opinions which are speculative, conclusory, and unsubstantiated are insufficient to defeat a motion for summary judgment (*see Tantuccio v Marina Holding Corp.,* 20 AD3d 472 [2005]; *Picerno v New York City Tr. Auth.,* 4 AD3d 349, 350 [2004]; *Winsche v Town of N. Hempstead,* 304 AD2d 756, 757 [2003]). Moreover, "even if the report of the plaintiffs' expert was in admissible form, the provisions of the Administrative Code of City of New York upon which [s]he relied, i.e., Administrative Code of City of New York §§ 27-127 and 27-128, are nonspecific and reflect only the general duty to maintain premises in a safe condition" (*Jang Hee Lee v Sung Whun Oh,* 3 AD3d 473, 474 [2004] [citations omitted]; *see also Lane v Fisher Park Lane Co.,* 276 AD2d 136, 141-142 [2000]).

Therefore, the Supreme Court erred in denying the motion of LA Weight Loss for summary judgment dismissing the complaint. In view of the foregoing, we need not address the parties' remaining contentions, and the cross appeal has been rendered academic. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.