■ ALEXANDRIA GRECO, Appellant, v STARBUCKS COFFEE COMPANY et al., Respondents. [873 NYS2d 639]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated November 14, 2007, as granted the separate motions of the defendants Starbucks Coffee Company and 29 Park Place, LLC, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff alleges that she sustained injuries when she

slipped and fell on an accumulation of water on the floor of a café operated by the defendant Starbucks Coffee Company (hereinafter Starbucks) at premises owned by the defendant 29 Park Place, LLC (hereinafter 29 Park Place).

"An out-of-possession landlord is not liable for injuries sustained on the premises unless the landlord retains control of the premises or is contractually obligated to perform maintenance and repairs" (*Seney v Kee Assoc.*, 15 AD3d 383, 384 [2005]). Here, 29 Park Place, the out-of-possession landlord of the subject premises rented by Starbucks, established its prima facie entitlement to judgment as a matter of law by demonstrating that it relinquished control of the leased premises, was not obligated under the terms of the lease to maintain or repair the premises, and did not violate a specific statutory provision (*see O'Connell v L.B. Realty Co.*, 50 AD3d 752 [2008]; *Gavallas v Health Ins. Plan of Greater N.Y.*, 35 AD3d 657, 658 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the allegedly dangerous condition constituted a specific statutory violation (*id.; see Stein v Harriet Mgt., LLC*, 51 AD3d 1007 [2008]; *Couluris v Harbor Boat Realty, Inc.*, 31 AD3d 686 [2006]).

Starbucks established its prima facie entitlement to judgment as a matter of law by presenting evidence that it neither created nor had actual or constructive notice of the accumulation of water (*see Roveccio v Oak Park at Douglaston Unit Owners Assn., Inc.*, 51 AD3d 999 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Madrid v City of New York*, 42 NY2d 1039 [1977]; *Jaffe v New York City Tr. Auth.*, 52 AD3d 784 [2008]; *Bernhard v Bank of Montreal*, 41 AD3d 180 [2007]; *Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409, 411 [2006]). The affidavit of the plaintiff's expert was merely speculative and without probative value (*see Lee v City of New York*, 40 AD3d 1048 [2007]).

The plaintiff's remaining contention is without merit (*see Martin v City of Cohoes*, 37 NY2d 162 [1975]). Skelos, J.P., Dillon, McCarthy and Eng, JJ., concur.