■ Jeannette Landy, Also Known as Jean Landy, Appellant, v 6902 13th Avenue Realty Corp., Respondent, et al., Defendant. [894 NYS2d 497]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated April 30, 2008, as granted that branch of the motion of the defendant 6902 13th Avenue Realty Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained personal injuries when she slipped and fell on a wet ramp located inside the premises owned by the defendant 6902 13th Avenue Realty Corp. (hereinafter Realty) and leased to the defendant Pyramid Deli & Grocery Corp. Realty moved for summary judgment on the ground, among others, that it was an out-of-possession landlord which was not liable for the plaintiff's injuries, and that its contractual right to re-enter the premises did not preclude the award of summary judgment in its favor.

Although, in opposition to the motion, the plaintiff submitted an affidavit from an expert, and argued that Realty retained control over the accident location and that the ramp upon which she fell had a structural design defect, the Supreme Court granted that branch of Realty's motion which was for summary judgment dismissing the complaint insofar as asserted against it. We affirm.

Generally, an out-of-possession landlord cannot be held liable for injuries sustained by a plaintiff on its property if the landlord did not retain control over the premises pursuant to contract or statute (see Reddy v 369 Lexington Ave. Co., L.P., 31 AD3d 732, 733 [2006]; Hernandez v Seven Fried Food, 292 AD2d 343, 344 [2002]). Nevertheless, when an out-of-possession landlord reserves the right to re-enter the premises to inspect and repair, this reservation may constitute constructive notice of a defective condition in the event of a specific statutory violation (see Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559 [1987]; Reddy v 369 Lexington Ave. Co., L.P., 31 AD3d 732 [2006]).

Realty established its entitlement to judgment as a matter of law by demonstrating that it was an out-of-possession landlord which had relinquished control of the premises, was under no contractual duty to maintain or repair the premises other than the public portions of the building, and did not violate a specific statutory safety provision sufficient to impose liability (see Sanchez v Barnes & Noble, Inc., 59 AD3d 698 [2009]; Greco v Starbucks Coffee Co., 58 AD3d 681 [2009]; Robinson v M. Parisi & Son Constr. Co., Inc., 51 AD3d 653 [2008]; O'Connell v L.B. Realty Co., 50 AD3d 752 [2008]).

In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (see Sanchez v Barnes & Noble, Inc., 59 AD3d at 698). The affidavit submitted by the plaintiff's expert was speculative and insufficient to raise a triable issue of fact as to whether the subject ramp was in violation of any applicable statutory provisions (see Greco v Starbucks Coffee Co., 58 AD3d at 681; Glorioso v Schnabel, 253 AD2d 787 [1998]).

The plaintiff's expert's rendering of the dimensions of the ramp, which had been removed prior to the expert's inspection by a new tenant, was mere conjecture in that it was not based upon an inspection of the actual ramp or photographs of the store depicting the ramp's measurements and condition on the date of the accident (*see Reddy v 369 Lexington Ave. Co., L.P.*, 31 AD3d at 732; *see also Campanella v Marstan Pizza Corp.*, 280 AD2d 418 [2001]).

The plaintiff's contention that Realty should not have been awarded summary judgment because it was responsible for spoliation of key evidence is not properly before this Court (*see Severino v Classic Collision*, 280 AD2d 463 [2001]). Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.