██ LUIS ESPADA, Appellant, v CITY OF NEW YORK et al., Respondents. [903 NYS2d 237]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated June 3, 2009, as granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action to recover damages for violation of Labor Law § 200 and common-law negligence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that they relinquished control of the leased premises where the plaintiff was allegedly injured, and that they were not obligated under the terms of the lease to maintain or repair the premises leased by the plaintiff's employer (*see Stein v Harriet Mgt., LLC*, 51 AD3d 1007 [2008]; *Robinson v M. Parisi & Son Constr. Co.*,

*Inc.*, 51 AD3d 653 [2008]). Accordingly, to avoid summary judgment in this dispute, the plaintiff was obligated to raise a triable issue of fact as to whether the defendants retained a right to reenter the leased premises and whether the alleged defect which caused his injury violated a specific statutory safety provision (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 566-567 [1987]; *Landy v 6902 13th Ave. Realty Corp.*, 70 AD3d 649, 650 [2010]). The plaintiff failed to raise such a triable issue of fact (*see Greco v Starbucks Coffee Co.*, 58 AD3d 681 [2009]; *Stein v Harriet Mgt., LLC*, 51 AD3d at 1008; *O'Connell v L.B. Realty Co.*, 50 AD3d 752 [2008]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action to recover damages for violation of Labor Law § 200 and common-law negligence.

Contrary to the plaintiff's contention, the defendants' motion was not premature, as the plaintiff failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence or that facts essential to opposing the motion were exclusively within the defendants' knowledge and control (*see* CPLR 3212 [f]; *Hill v Ackall*, 71 AD3d 829 [2010]; *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736, 737 [2007]). Mastro, J.P., Florio, Belen and Chambers, JJ., concur.