| |
|---|
| **Glatzer v City of New York** |
| 2020 NY Slip Op 35721(U) |
| July 28, 2020 |
| Supreme Court, New York County |
| Docket Number: Index No. 161351/2017 |
| Judge: Laurence L. Love |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  HON. LAURENCE L. LOVE

*Justice*

----------------------------------------------------------------------X

JENNIFER GLATZER,

Plaintiff,

- v -

CITY OF NEW YORK, NEW YORK CITY WATER BOARD,
NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL
PROTECTION, IGUANA NEW YORK

Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| PART | IAS MOTION 62 |
| INDEX NO. | 161351/2017 |
| MOTION DATE | 4/16/2020 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40

were read on this motion to/for                  SUMMARY JUDGMENT

Upon the foregoing documents, the decision on defendant, the City of New York's motion is as follows:

Plaintiff commenced the instant action seeking to recover for injuries that allegedly occurred on July 23, 2017 at approximately 12:00 pm, when she was caused to trip and fall due to an uncovered utility hole in the sidewalk in front of 240 West 54th Street, New York, New York. On December 18, 2017, Plaintiff appeared for a hearing pursuant to General. Municipal Law § 50-h. Plaintiff commenced this action on or about December 27, 2017, by filing of a Summons and Verified Complaint. On or about January 11, 2018, the City joined issue by service of its Answer. The City of New York now moves for summary judgment as the City does not own the subject premises, the building is not a one, two, or three family solely residential property and the City did not cause or create the alleged defective condition.

Summary Judgment should not be granted where there is any doubt as to the existence of a material issue of fact. *Zuckerman v. City of New York*, 49 N.Y.2d 557, 562, 427 N.Y.S.2d 595

(1980). The function of the court when presented with a motion for Summary Judgment is one of issue finding, not issue determination. *Sillman v. Twentieth Century-Fox Film Corp.*, 3 N.Y.2d 395, 165 N.Y.S.2d 498 (1957); *Weiner v. Ga-Ro Die Cutting, Inc.*, 104 A.D.2d 331, 479 N.Y.S.2d 35 (1st Dept., 1984) *aff'd* 65 N.Y.2d 732, 429 N.Y.S.2d 29 (1985). The proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v. Prospect Hospital*, 68 N.Y.2d 320 (1986); *Winegrad v. New York University Medical Center*, 64 N.Y.2d 851 (1985). Summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted and the papers will be scrutinized carefully in a light most favorable to the non-moving party. *Assaf v. Ropog Cab Corp.*, 153 A.D.2d 520 (1st Dep't 1989). Summary judgment will only be granted if there are no material, triable issues of fact *Sillman v. Twentieth Century-Fox Film Corp.*, 3 N.Y.2d 395 (1957).

Section 7-210 states that "the owner of real property abutting any sidewalk, including, but not limited to; the intersection quadrant for corner property shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition." *N.Y. Admin. Code, N.Y.C., N.Y.* §7-210 (2003). The section further indicates that "[t]his subdivision shall not apply to one, two, or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes." *Id.* Also, "[n]otwithstanding any other provision of law, the city shall not be liable for any injury to property or personal injury, including death, proximately caused by the failure to maintain sidewalks (other than sidewalks abutting one-, two-or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively

161351/2017 GLATZER, JENNIFER vs. CITY OF NEW YORK
Motion No. 001

Page 2 of 5

for residential purposes) in a reasonably safe condition. This subdivision shall not be construed to apply to the liability of the city as a property owner pursuant to subdivision b of this section." *Id.* To determine if the City is liable under 7-210, the court will look at: (1) the location of the sidewalk where the alleged accident transpired; (2) the non-City ownership of the real property that abuts the location where the alleged accident occurred; and (3) the non-exempt building classification of the abutting property. *Id.*

In support of its motion, the City submits the affidavits of Lester Payawal, a paralegal employed by the NYC Department of Transportation, David Schloss, a New York City Law Department Senior Title Examiner and David Atik, a Department of Finance Employee, together with supporting documentation, which establish as follows: Mr. Schloss performed a search for title records for the record owner of 240 West 54th Street, New York, NY, designated on the tax map as Block 1025, Lot 51., which revealed that on July 23, 2017, the date of Plaintiff s incident, the property in question was owned by Minerva 54 Realty Co., LLC, pursuant to a deed recorded MARCH 18, 1999, in Reel 2838, Page 1598. Mr. Atik conducted a search for records pertaining to the subject location which further revealed that the City of New York did not own the property and that the property is not a one, two, or three family building. Mr. Payawal's affidavit establishes that after a review of all permits, applications for permits, corrective action requests, notices of violation, inspections, maintenance and repair orders, sidewalk violations, contracts, complaints, and Big Apple Maps at the abovementioned location encompassing a period of two years prior to and including July 23, 2017, there is no evidence that the City affirmatively undertook any action such that it could even arguably have caused or created the subject condition. As such, the City has made out a *prime facie* showing of entitlement to summary judgment unless the parties opposing the motion establish a question of fact.

161351/2017 GLATZER, JENNIFER vs. CITY OF NEW YORK
Motion No. 001

Page 3 of 5

[* 3]

In opposition, plaintiff and defendant, Iguana New York argue that the City's motion is premature as neither have had the opportunity to depose a witness from the City, however they failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence or that facts essential to opposing the motion were exclusively within the opponent's knowledge and control (see CPLR 3212[f]; *Espada v. City of New York*, 74 A.D.3d 1276, 1277 (2d. Dept. 2010). Specifically, the discovery exchanged by the City as detailed in Mr. Payawal's affidavit contains no indication that the City may have caused the alleged condition. In addition, the City submitted an affidavit which establishes that the utility cover at issue is owned by the property owner.

ORDERED that the motion of defendant the City of New York to dismiss the complaint and all cross-claims herein is granted, without opposition, and the complaint is dismissed in its entirety as against said defendant, with costs and disbursements to said defendant as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of said defendant; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on*

161351/2017 GLATZER, JENNIFER vs. CITY OF NEW YORK
Motion No. 001

Page 4 of 5

4 of 5

[* 4]

*Courthouse and County Clerk Procedures for Electronically Filed Cases (access*ible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)].

The instant action is respectfully referred to a non-city part as the City of New York is no longer a party to this action.

| 7/28/2020 | | | LAURENCE L. LOVE, J.S.C. | |
|-----------|---|---|--------------------------|---|
| **DATE** | | | | |

CHECK ONE:

| | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| X | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ OTHER |

APPLICATION:

| | SETTLE ORDER | | | SUBMIT ORDER | |
|---|---|---|---|---|---|

CHECK IF APPROPRIATE:

| X | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |
|---|---|---|---|---|

161351/2017  GLATZER, JENNIFER vs. CITY OF NEW YORK
Motion No. 001

Page 5 of 5

5 of 5