■ DENNIS MANNING et al., Appellants, v ATLAS TRANSIT MIX CORP., Respondent. [679 NYS2d 69] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered April 28, 1997, which upon a jury verdict determining that an unsafe and/or dangerous condition did not exist at the defendant's premises on March 30, 1992, is in favor of the defendant and against them.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

In the instant action, the plaintiff Dennis Manning alleged that on March 30, 1992, he fell in a building owned by the defendant while negotiating the steps leading outside to the street. In their bill of particulars, the plaintiffs alleged that the defendant's building violated several sections of the Administrative Code of the City of New York title 27 (hereinafter the Building Code).

In their direct case, the plaintiffs produced an expert, i.e., an engineer with extensive knowledge of the Building Code, who testified that the defendant's building violated several sections of that code and that these violations proximately caused Dennis Manning's injuries. The expert further testified that these sections of the Building Code were in effect in the early 1980's, when, according to the examination before trial of the defendant's vice president, the building was built. In addition, the trial court took judicial notice of one of the sections of the Building Code relied on by the plaintiffs' expert.

Nevertheless, in a pre-charge conference, the trial court denied the plaintiffs' request, inter alia, that the jury be charged with respect to the Building Code violations. Instead, it charged general principles of negligence and submitted the following question to the jury: "did an unsafe and/or dangerous

condition exist at [the] defendant['s] premises on March 30, 1992?" The jury answered in the negative.

In the instant case, the plaintiffs met their burden of establishing a prima facie case that the defendant's building violated several sections of the Building Code and that these violations proximately caused Dennis Manning's injuries. Under these circumstances, it was error for the court to deny the plaintiffs' request to charge the Building Code violations to the jury. Accordingly, a new trial is warranted (*see generally, Rothstein v City Univ.*, 194 AD2d 533; *cf., Montoya v Vasquez*, 185 AD2d 875).

The plaintiffs' remaining contentions are without merit. Mangano, P. J., Bracken, Krausman and McGinity, JJ., concur.