GUADALUPE MEJIA, Also Known as FRED MEJIA et al., Appellants, v ERA REALTY Co. et al., Respondents. [894 NYS2d 460]—

The plaintiffs' contention that the defendants should not have been awarded summary judgment dismissing the complaint

insofar as asserted against them because they failed to submit evidence in admissible form in support of their respective motion and cross motion is without merit (*see Mazzarelli v 54 Plus Realty Corp.,* 54 AD3d 1008 [2008]; *Felberbaum v Weinberger,* 40 AD3d 808, 809 [2007]).

The plaintiffs alleged that the injured plaintiff tripped and fell over a hole in a parking lot owned by the defendants Era Realty Co., Edward Cohen, and Robert Cohen (hereinafter collectively the Era defendants), and leased to the defendant Circle A Foods, Inc. (hereinafter Circle). With respect to the Era defendants, they established their entitlement to judgment as a matter of law by demonstrating, prima facie, that they were out-of-possession landlords who had no duty to maintain the parking lot (*see Sanchez v Barnes & Noble, Inc.,* 59 AD3d 698 [2009]; *Brewster v Five Towns Health Care Realty Corp.,* 59 AD3d 483 [2009]; *Greco v Starbucks Coffee Co.,* 58 AD3d 681 [2009]; *Robinson v M. Parisi & Son Constr. Co., Inc.,* 51 AD3d 653 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Chery v Exotic Realty, Inc.,* 34 AD3d 412 [2006]). With respect to Circle, in response to its demonstration of its entitlement to judgment as a matter of law, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]). The affidavit of the plaintiffs' expert was speculative and insufficient to raise a triable issue of fact as to whether Circle had constructive notice of the hole that allegedly caused the injured plaintiff to fall, or whether the parking lot was adequately lit at the time of the accident (*see generally Greco v Starbucks Coffee Co.,* 58 AD3d 681 [2009]). Mastro, J.P., Fisher, Angiolillo and Leventhal, JJ., concur.