■ Nashwa Elbadawi, Appellant, v Myrna & Mark Pizzeria, Inc., Doing Business as Angelica Pizza & Restaurant, Also Known as Angelica Pizzeria Restaurant, Respondent, et al., Defendants. [894 NYS2d 495]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Schack, J.), dated October 3, 2008, as granted the motion of the defendant Myrna & Mark Pizzeria, Inc., doing business as Angelica Pizza & Restaurant, also known as Angelica Pizzeria Restaurant for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion which were for summary judgment dismissing so much of the complaint as was based on common-law negligence and which alleged violations of the Administrative Code of City of NY § 27-371 (h) and § 27-370 (d), and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff, Nashwa Elbadawi, after purchasing pizza, allegedly fell and was injured during daylight hours between 5:00 p.m. and 6:00 p.m. on August 16, 2003, while exiting through a doorway serving as one of two access ways to the restaurant owned and operated by the defendant Myrna & Mark Pizzeria, Inc., doing business as Angelica Pizza & Restaurant, also known as Angelica Pizzeria Restaurant (hereinafter M & M).

M & M moved for summary judgment on the ground, inter alia, that as the tenant, it owed no duty to the plaintiff to provide safe ingress to and egress from to the pizzeria, and,

since the landlord reserved the right to reenter, only the landlord owed a duty to the plaintiff. However, since M & M had a common-law duty to remove dangerous defects from commercial premises it occupied notwithstanding the landlord's contractual right of reentry to make repairs (*see Chadis v Grand Union Co.*, 158 AD2d 443 [1990]), and there was evidence in the record that an owner of M & M had repaired the area where the plaintiff fell, it failed to establish its prima facie right to dismissal of the common-law negligence action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Indence v 225 Union Ave. Corp.*, 38 AD3d 494 [2007]).

M & M also moved to dismiss so much of the complaint as was based upon violations of Administrative Code of the City of New York §§ 27-127, 27-128, 27-370 (d), § 27-371 (h), § 27-375 (d) (2) and § 19-152. The plaintiff's expert, who examined both the step and the photographs of the step, stated in his affidavit that the entrance at the doorway where the plaintiff fell violated the New York City Administrative Code in that it was uneven and its single riser varied in height from between seven to eight inches. While violation of Administrative Code §§ 27-127, 27-128, 27-375 (d) (2) and § 19-152 cannot serve as a predicate for liability (*see Nikolaidis v La Terna Rest.*, 40 AD3d 827, 828 [2007]), triable issues exist as to violations of Administrative Code § 27-371 (h) and § 27-370 (d) which may serve as a predicate for liability.

Accordingly, those branches of the motion of M & M which were for summary judgment dismissing the common-law negligence cause of action and the claims based upon alleged violations of Administrative Code § 27-371 (h) and § 27-370 (d) should have been denied. Covello, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.