■ ALICE SALAICES, Respondent, v GAR-BEN ASSOCIATES, Appellant, and SHERMAN VINCENT ASSOCIATES, INC., et al., Respondents. (And a Third-Party Action.) [918 NYS2d 510]—

The plaintiff allegedly was injured when she fell after stepping into an electrical outlet box located in the floor of a furniture store. The box, measuring approximately six inches by four inches, and a few inches deep, was supposed to be covered with a metal plate, but was not covered at the time of the accident.

The plaintiff commenced this action against, inter alia, Gar-Ben Associates (hereinafter Gar-Ben), the owner of the premises. Gar-Ben moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the Supreme Court denied the motion.

An out-of-possession landlord may not be held liable for injuries occurring on its premises unless it is contractually obligated to perform maintenance and repairs or it has retained control over the premises (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 566-567 [1987]; *Worth Distribs. v Latham*, 59 NY2d 231, 238 [1983]; *Putnam v Stout*, 38 NY2d 607, 613-618 [1976]; *Taylor v Lastres*, 45 AD3d 835 [2007]; *Roveto v VHT Enters., Inc.*, 17 AD3d 341 [2005]; *Manning v New York Tel. Co.*, 157 AD2d 264, 266-269 [1990]). Here, while Gar-Ben was obligated by the terms of its lease with the building's tenant to make structural repairs, it made a prima facie showing that the placement of a proper cover on the outlet box did not constitute a structural repair within the meaning of the relevant lease provision. Moreover, although Gar-Ben retained a right to reenter the premises for purposes of inspection and repair, it nonetheless made a prima facie showing that the uncovered outlet box was not a structural or design defect and did not violate a specific (and pertinent) statutory provision, and that Gar-Ben did not otherwise have constructive notice of the allegedly hazardous condition (*see Reddy v 369*

*Lexington Ave. Co., L.P.*, 31 AD3d 732, 733 [2006]; *Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473 [2004]; *Hernandez v Seven Fried Food*, 292 AD2d 343 [2002]; *Beck v Woodward Affiliates*, 226 AD2d 328, 330 [1996]; *Manning v New York Tel. Co.*, 157 AD2d at 269-270). In opposition to these showings by Gar-Ben, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are improperly raised for the first time on appeal.

Accordingly, the Supreme Court erred in denying Gar-Ben's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Skelos, J.P., Eng, Belen and Hall, JJ., concur.