■ Toni Sciammarella et al., Appellants, v Manorville Postal Associates, Respondent. [927 NYS2d 798]—

The plaintiff Toni Sciammarella, then an employee of the United States Postal Service (hereinafter the Postal Service), allegedly sustained injuries when she fell after stepping into a hole in the parking lot of the premises leased to the Postal Service by the defendant.

"An out-of-possession landlord may not be held liable for injuries occurring on its premises unless it is contractually obligated to perform maintenance and repairs or it has retained control over the premises" (*Salaices v Gar-Ben Assoc.*, 82 AD3d

740, 741 [2011]; *see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 566-567 [1987]). The defendant established its prima facie entitlement to judgment as a matter of law by establishing that it was an out-of-possession landlord that did not retain control over the premises and was not contractually obligated to maintain or repair the parking lot (*see Sanchez v Barnes & Noble, Inc.*, 59 AD3d 698, 699 [2009]; *Yadegar v International Food Mkt.*, 37 AD3d 595, 596-597 [2007]; *Brockington v Brookfield Dev. Corp.*, 20 AD3d 382, 382-383 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Lauer v Great S. Bay Seafood Co.*, 299 AD2d 325, 327 [2002]; *Amarante v Village of Tarrytown*, 226 AD2d 488 [1996]; *see also Pala v D. Braf, Ltd.*, 284 AD2d 382 [2001]). Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.