■ Lucious Mercer, Plaintiff, v Hellas Glass Works Corp., Defendant/Third-Party Plaintiff-Respondent. AVR-East Massapequa, LLC, Third-Party Defendant-Appellant. [930 NYS2d 18]—

The plaintiff allegedly was injured while attempting to exit a retail store located in a building owned by the third-party defendant, AVR-East Massapequa, LLC (hereinafter AVR). The plaintiff testified at his deposition that he was struck by glass when an outer vestibule door (hereinafter the door) was thrown open by wind and struck an adjacent door, causing glass in a transom window above the door to shatter. The plaintiff commenced this personal injury action against Hellas Glass Works Corp. (hereinafter Hellas), alleging that his injuries had been caused by Hellas's negligent repair of the door approximately one week before his accident. Hellas commenced a third-party action against AVR, seeking indemnification and/or contribu-

tion. AVR moved for summary judgment dismissing the third-party complaint. In opposition, Hellas argued that the transom window glass which had shattered was not safety glazing material (i.e., "safety glass"), in violation of certain provisions of the General Business Law and the New York State Industrial Code, and that AVR's liability for the accident arose from its breach of the duty imposed by those statutory provisions. The Supreme Court denied AVR's motion. We reverse.

An out-of-possession landlord's duty to repair a dangerous condition on leased premises is imposed by statute or regulation, by contract, or by a course of conduct (*see Rivera v Nelson Realty, LLC*, 7 NY3d 530, 534 [2006]; *Chapman v Silber*, 97 NY2d 9, 19-20 [2001]; *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 642 [1996]; *Ritto v Goldberg*, 27 NY2d 887, 889 [1970]; *Alnashmi v Certified Analytical Group, Inc.*, — AD3d —, 2011 NY Slip Op 06465 [2011] [decided herewith]). Here, AVR made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that its failure to install safety glass in the transom window above the door did not constitute a breach of any duty imposed by statute or regulation, contract, or course of conduct (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, Hellas failed to raise a triable issue of fact as to whether AVR's failure to install safety glass in the transom window violated a duty imposed by statute or regulation, the only source of duty alleged in its opposition papers (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The plain language of the provisions of the General Business Law and the New York State Industrial Code cited by Hellas did not require the installation of safety glass in the transom window above the door (*see* General Business Law §§ 389-m, 389-*o*; 12 NYCRR 47.5 [g]; 47.6, 47.11). Accordingly, the Supreme Court should have granted AVR's motion for summary judgment dismissing the third-party complaint.

In light of the foregoing, we need not reach AVR's remaining contentions. Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.