■ PETER MOLTISANTI, Plaintiff, v VIRGIN ENTERTAINMENT GROUP, INC., et al., Defendants, and VORNADO 1540 BROADWAY, LLC, Appellant. [937 NYS2d 285]—

Under New York common law, a landowner "has a duty to maintain his or her premises in a reasonably safe condition" (*Walsh v Super Value, Inc.*, 76 AD3d 371, 375 [2010]; *see Basso v Miller*, 40 NY2d 233 [1976]; *see also Peralta v Henriquez*, 100 NY2d 139, 143-144 [2003]), taking into account all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk (*see Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]; *Peralta v Henriquez*, 100 NY2d at 144; *Tagle v Jakob*, 97 NY2d 165, 168 [2001]; *Chapman v Silber*, 97 NY2d 9, 19 [2001]; *Kellman v 45 Tiemann Assoc.*, 87 NY2d 871, 872 [1995]; *Basso v Miller*, 40 NY2d at 241). However, an out-of-possession landlord generally will not be responsible for injuries occurring on its premises unless the landlord "has a duty imposed by statute or assumed by contract or a course of conduct" (*Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18 [2011]; *see Rivera v Nelson Realty, LLC*, 7 NY3d 530, 534 [2006]; *Chapman v Silber*, 97 NY2d at 19-20; *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 642 [1996]; *Ritto v Goldberg*, 27 NY2d 887, 889 [1970]; *Healy v Bartolomei*, 87 AD3d 1112 [2011]; *Mercer v Hellas Glass Works Corp.*, 87 AD3d 987 [2011]).

The appellant's evidence submitted in support of that branch of its motion which was for summary judgment dismissing the amended complaint insofar as asserted against it established, prima facie, that it was an out-of-possession landlord on the date of the subject accident, that the lease controlling on the

date of the accident placed responsibility for repair of the leased premises where the accident occurred squarely on the defendants Virgin Entertainment Group, Inc., Virgin Realty, LLC, and Virgin Megastores (USA), L.P., and that those defendants, exclusively, were to perform maintenance and repair of the leased premises where the accident occurred. Therefore, the appellant met its initial burden of establishing that it owed no duty to the plaintiff (*see Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d at 18-19; *Panico v Jiffy Lube Intl., Inc.*, 86 AD3d 553 [2011]; *Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 420 [2011]). In opposition, no triable issue of fact was raised.

Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.