■ ANTHONY GOGGINS, Appellant, v NIDOJ REALTY CORP., Respondent, et al., Defendants. (And a Third-Party Action.) [940 NYS2d 674]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), entered December 2, 2010, as granted the motion of the defendant Nidoj Realty Corp. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent payable by the appellant.

The plaintiff, an employee of the third-party defendant Mobay Restaurant, Inc. (hereinafter Mobay), allegedly sustained injuries when he slipped and fell on the exterior basement stairs of premises leased to Mobay by the defendant Nidoj Realty Corp. (hereinafter Nidoj). According to the plaintiff, the accident occurred when water suddenly gushed from an air conditioner drainage pipe attached to the adjoining premises, leased to the defendant Green Apple House, Inc. (hereinafter Green Apple).

"An out-of-possession landlord's duty to repair a dangerous condition on leased premises is imposed by statute or regulation, by contract, or by a course of conduct" (*Mercer v Hellas Glass Works Corp.*, 87 AD3d 987, 988 [2011]; *see Rivera v Nelson Realty, LLC*, 7 NY3d 530, 534 [2006]; *Chapman v Silber*, 97 NY2d 9, 19-20 [2001]; *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 642 [1996]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 14 [2011]). Nidoj established its prima facie entitlement to judgment as a matter of law by establishing that it was an out-of-possession landlord that did not retain control over the premises and was not contractually obligated to maintain or repair the basement stairs or the subject air conditioner (*see Moltisanti v Virgin Entertainment Group, Inc.*, 91 AD3d 838 [2012]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10 [2011]; *Sciammarella v Manorville Postal Assoc.*, 87 AD3d 530, 531 [2011]), and that it owed no duty to the plaintiff by virtue of any statute upon which the plaintiff relies (*see* 12 NYCRR ch I, subch A, part 16, Historical Note; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-317 [1981]; *Elbadawi v Myrna & Mark Pizzeria, Inc.*, 70 AD3d 627, 628 [2010]; *Robinson v M. Parisi & Son Constr. Co., Inc.*, 51 AD3d 653 [2008]; *Nikolaidis v La Terna Rest.*, 40 AD3d 827, 828 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d at 19; *Sciammarella v Manorville Postal Assoc.*, 87 AD3d at 531; *Salaices v Gar-Ben Assoc.*, 82 AD3d 740, 742 [2011]). Accordingly, the Supreme Court properly granted Nidoj's motion for summary judgment dismissing the complaint insofar as asserted against it.

We decline Green Apple's invitation to search the record and to grant it summary judgment dismissing the complaint insofar as asserted against it. Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.