In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Golia, J.), dated January 14, 2011, which granted the motion of the defendants 40 West 25th Street Associates, L.E, GVA Williams Real Estate, Inc., and Williams Real Estate Co., Inc., for summary judgment dismissing the amended complaint insofar as asserted against them, and (2) a judgment of the same court entered June 16, 2011, which, upon the order dated January 14, 2011, is in favor of the defendants 40 West 25th Street Associates, L.E, GVA Williams Real Estate, Inc., and Williams Real Estate Co., Inc., and against them, dismissing the amended complaint insofar as asserted against those defendants.
Ordered that the appeal from the order dated January 14, 2011, is dismissed; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the defendants 40 West 25th Street Associates, L.E, GVA Williams Real Estate, Inc., and Williams Real Estate Co., Inc.
The appeal from the intermediate order dated January 14, 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order dated January 14, 2011, are brought up for review and have been considered on the appeal from the judgment (see CELR 5501 [a] [1]).
The injured plaintiff, Kevin R. Vialva, was employed by the third-party defendant A.B. Import-Export Company, Inc., which operated a store in premises leased from the property owner, the defendant 40 West 25th Street Associates, L.E (hereinafter the owner). On February 18, 2007, the injured plaintiff allegedly sustained injuries when the street vault elevator on which he *736 was riding suddenly dropped from the street level to the basement of the premises. The injured plaintiff, and his wife, suing derivatively, commenced this action to recover damages, inter alia, for personal injuries. The owner and its managing agents, the defendants GVA Williams Real Estate, Inc., and Williams Real Estate Co., Inc. (hereinafter collectively the respondents), moved for summary judgment dismissing the amended complaint insofar as asserted against them. The Supreme Court granted the motion. The plaintiffs appeal, and we affirm.
“ ‘An out-of-possession landlord’s duty to repair a dangerous condition on leased premises is imposed by statute or regulation, by contract, or by a course of conduct’ ” (Goggins v Nidoj Realty Corp., 93 AD3d 757, 758 [2012], quoting Mercer v Hellas Glass Works Corp., 87 AD3d 987, 988 [2011]; see Rivera v Nelson Realty, LLC, 7 NY3d 530, 534 [2006]; Chapman v MCS Realty, LLC, 92 AD3d 913, 913 [2012]; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 14 [2011]). Here, the respondents established their prima facie entitlement to judgment as a matter of law by establishing that the owner was an out-of-possession landlord, that the respondents were not contractually obligated to maintain the demised premises, including the appurtenance thereto, that the respondents did not endeavor to perform such maintenance, and that the respondents owed no duty to the injured plaintiff by virtue of any statute upon which the plaintiffs rely (see Goggins v Nidoj Realty Corp., 93 AD3d 757 [2012]; Chapman v MCS Realty, LLC, 92 AD3d at 913-914; Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 18-19; Mercer v Hellas Glass Works Corp., 87 AD3d at 987-988; see also Elbadawi v Myrna & Mark Pizzeria, Inc., 70 AD3d 627, 628 [2010]; Robinson v M. Parisi & Son Constr. Co., Inc., 51 AD3d 653 [2008]; Nikolaidis v La Terna Rest., 40 AD3d 827, 828 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly granted the respondents’ motion for summary judgment dismissing the amended complaint insofar as asserted against them. Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.