In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated June 24, 2010, which granted the defendant’s motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the issue of liability.
Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant’s motion for summary judgment dismissing the complaint and substituting therefor a *1023 provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff allegedly sustained injuries when he fell down a staircase in a retail florist shop located in a building owned by the defendant. The plaintiff commenced this action, inter alia, to recover damages for personal injuries based on both the common law and a violation of a statute or regulation. The defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court granted the defendant’s motion and denied the plaintiffs cross motion. The plaintiff appeals, and we modify.
“An out-of-possession landlord generally will not be responsible for injuries occurring on its premises unless the landlord ‘has a duty imposed by statute or assumed by contract or a course of conduct’ ” (Healy v Bartolomei, 87 AD3d 1112, 1113 [2011] , quoting Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18 [2011]; see Goggins v Nidoj Realty Corp., 93 AD3d 757 [2012]). Here, the defendant established its entitlement to summary judgment by demonstrating, prima facie, that it was an out-of-possession landlord, that the lease placed responsibility for the repair of the leased premises on the tenant, and that it did not violate any relevant statute or regulation (see Mercer v Hellas Glass Works Corp., 87 AD3d 987, 988 [2011]; see also Goggins v Nidoj Realty Corp., 93 AD3d 757 [2012]; Chapman v MCS Realty, LLC, 92 AD3d 913, 913-914 [2012]; Moltisanti v Virgin Entertainment Group, Inc., 91 AD3d 838, 838-839 [2012] ). In support of its motion, the defendant also established, prima facie, that the plaintiff could not identify the specific defect which allegedly caused his fall (see Bynum v Salter, 14 AD3d 582, 583 [2005]).
In opposition, however, the evidence submitted by the plaintiff was sufficient to raise triable issues of fact to defeat the defendant’s motion. The plaintiff sufficiently identified the specific defect which allegedly caused his fall. In addition, the plaintiffs expert’s affidavit raised a triable issue of fact as to whether the alleged dangerous conditions constituted violations of former 12 NYCRR parts 16 and 26, which were in effect when the addition to the subject premises was made (see generally Plowden v Stevens Partners, LLC, 45 AD3d 659, 660 [2007]; Dwyer v Diocese of Rockville Ctr., 45 AD3d 527 [2007]; Hyman v Queens County Bancorp, 307 AD2d 984, 986 [2003], affd 3 NY3d 743 [2004]; Zangara v Swierszcz, 298 AD2d 889 [2002]; Manning v Atlas Tr. Mix Corp., 254 AD2d 336, 336-337 [1998]). Thus, the plaintiff succeeded in raising a triable issue of fact as to whether *1024 the defendant violated a duty imposed by statute or regulation. Contrary to the defendant’s contention, the plaintiffs reply affidavit did not constitute an attempt to create a feigned issue of fact as to causation, since it was not inconsistent with his deposition testimony on that issue (see Kievman v Philip, 84 AD3d 1031, 1033 [2011]; Carter v Grenadier Realty, 83 AD3d 640, 641 [2011]).
Accordingly, the Supreme Court erred in granting the defendant’s motion for summary judgment dismissing the complaint.
The Supreme Court properly denied the plaintiffs cross motion for summary judgment on the issue of liability. The plaintiff failed to eliminate all triable issues of fact as to whether, inter alia, the defendant created or had actual or constructive notice of the alleged dangerous conditions, and whether those alleged dangerous conditions proximately caused his injuries.
The parties’ remaining contentions are without merit. Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.