*736 The defendant Alblan Realty Corp. (hereinafter Alblan) leased certain premises, including a building and its adjoining outdoor parking lot, to a nonparty law firm. Under the lease, Alblan retained two parking spaces for its own use. The lease also provided that the tenant was responsible for removal of snow and ice. That tenant, in turn, contracted with the defendant R&R Roofing Systems, Inc. (hereinafter R&R), for removal of snow in the parking lot. After a heavy snowfall on December 20, 2009, R&R plowed and salted the parking lot. R&R returned to plow and salt again after a significantly lighter snowfall on December 31, 2009, and again after a light snowfall on January 8, 2010. On January 11, 2010, the injured plaintiff, an employee of the tenant, allegedly was injured when she slipped and fell on ice in the parking lot. She had entered the premises through a gate near a pile of snow created by R&R’s plowing operation and slipped on ice which had allegedly been created by melting and refreezing from that pile of snow.
The injured plaintiff, and her husband suing derivatively, commenced this action against Alblan and R&R. They argued that Alblan, having reserved two parking spaces and having occupied a building next door to the premises, was not an out-of-possession landlord. They asserted that R&R was liable because, by piling snow near the gate, it created the dangerous condition that allegedly caused the accident. The defendants separately moved for summary judgment. The Supreme Court denied both motions.
While the general rule is that a contractual obligation will not give rise to tort liability in favor of a third party, there are a number of exceptions to that rule (see e.g. Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]; Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 588 [1994]; Eaves Brooks Costume Co. v Y.B.H. Realty Corp., 76 NY2d 220, 226 [1990]). As relevant to this action, when a contractor, in the performance of its contractual obligations, has created or exacerbated a dangerous condition, tort liability may follow (see Espinal v Melville Snow Contrs., 98 NY2d at 142-143). The Supreme Court properly denied R&R’s motion for summary judgment inasmuch as, in response to R&R’s prima facie showing of its entitlement to judgment as a matter of law, the plaintiffs submitted evidence demonstrating the existence of triable issues of fact as to whether R&R negligently performed its snow plowing and removal obligations and thereby created the dangerous condition *737 that foreseeably caused her. injuries (see Gushin v Whispering Hills Condominium I, 96 AD3d 721 [2d Dept 2012]; Elsey v Clark Trading Corp., 57 AD3d 1330, 1332 [2008]; Smith v County of Orange, 51 AD3d 1006 [2008]; Torosian v Bigsbee Vil. Homeowners Assn., 46 AD3d 1314, 1316 [2007]). Plowing snow into piles may foreseeably result in a dangerous condition because of melting and refreezing (see San Marco v Village/ Town of Mount Kisco, 16 NY3d 111, 117 [2010]; Roca v Gerardi, 243 AD2d 616, 617 [1997]).
. Alblan’s summary judgment motion, however, should have been granted. An out-of-possession landlord is not liable for injuries caused by dangerous conditions on leased premises in the absence of a statute imposing liability, a contractual provision placing the duty to repair on the landlord, or by a course of conduct by the landlord giving rise to a duty (see Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18 [2011]). Here, we reject the plaintiffs’ contention that, by its reservation of two parking spaces and its occupancy of a nearby building, Alblan was not an out-of-possession landlord. Moreover, no statute, contractual provision or course of conduct placed the obligation for snow removal on Alblan (id. at 18-19). Consequently, Alblan breached no duty to the plaintiff, and its motion for summary judgment should have been granted. Florio, J.P., Balkin, Chambers and Cohen, JJ., concur.