GABRIEL LUGO, Appellant, v AUSTIN-FOREST ASSOCIATES et al., Defendants, MOWRY REALTY ASSOCIATES, Respondent, and PISCO RESTAURANT ASSOCIATES, LLC, Doing Business as MARDI GRAS RESTAURANT, Appellant. [952 NYS2d 603]—

The plaintiff allegedly sustained injuries when he was struck by an open cellar door as he descended the stairs leading from the sidewalk to the cellar of a building owned by the defendant Mowry Realty Associates (hereinafter the defendant landlord) and leased to the defendant Pisco Restaurant Associates, LLC, doing business as Mardi Gras Restaurant (hereinafter the defendant tenant). The defendant landlord moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that, as an out-of-possession landlord, it could not be held liable for the plaintiff's injuries. It further sought summary judgment on its cross claim against the defendant tenant for contractual indemnification. The defendant tenant and the plaintiff opposed the motion. The Supreme Court granted the motion.

"An out-of-possession landlord is not liable for injuries caused by dangerous conditions on leased premises in the absence of a statute imposing liability, a contractual provision placing the duty to repair on the landlord, or by a course of conduct by the landlord giving rise to a duty" (*Repetto v Alblan Realty Corp.*, 97 AD3d 735, 737 [2012]; *Madry v Heritage Holding Corp.*, 96 AD3d 1022 [2012]; *Goggins v Nidoj Realty Corp.*, 93 AD3d 757 [2012]; *Seawright v Port Auth. of N.Y. & N.J.*, 90 AD3d 1017 [2011]; *Santos v 786 Flatbush Food Corp.*, 89 AD3d 828, 829 [2011]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18 [2011]; *Mercer v Hellas Glass Works Corp.*, 87 AD3d 987, 988 [2011]). Here, the defendant landlord established its prima

facie entitlement to judgment as a matter of law by demonstrating that it was an out-of-possession landlord, that it was not contractually obligated to maintain the subject cellar doors, that it did not endeavor to maintain the cellar doors, and that it did not owe the plaintiff a duty by virtue of any statute upon which the plaintiff relied before the Supreme Court (*see Madry v Heritage Holding Corp.*, 96 AD3d at 1023; *Vialva v 40 W. 25th St. Assoc., L.P.*, 96 AD3d 735 [2012]; *Goggins v Nidoj Realty Corp.*, 93 AD3d at 758; *Mercer v Hellas Glass Works Corp.*, 87 AD3d at 988).

In opposition to the defendant landlord's prima facie showing, the plaintiff and the defendant tenant failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We note that the defendant tenant's argument that the defendant landlord violated Administrative Code of the City of New York § 19-119 is improperly raised for the first time on appeal, and therefore is not properly before this Court (*see Doviak v Finkelstein & Partners, LLP*, 90 AD3d 696 [2011]; *Whitehead v City of New York*, 79 AD3d 858 [2010]).

Further, the Supreme Court properly granted that branch of the defendant landlord's motion which was for conditional summary judgment on its cross claim for contractual indemnification against the defendant tenant. The defendant landlord established its prima facie entitlement to judgment as a matter of law on this cross claim by demonstrating that it was entitled to contractual indemnification pursuant to section 64 of the lease between it and the defendant tenant and, in opposition, the defendant tenant failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d at 562).

The remaining contentions of the plaintiff and the defendant tenant are without merit. Skelos, J.P., Florio, Belen and Sgroi, JJ., concur.