In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated July 27, 2011, which granted that branch of the defendants’ motion which was for summary judgment dismissing the amended complaint.
Ordered that the order is reversed, on the law, with costs to the plaintiffs, and that branch of the defendants’ motion which was for summary judgment dismissing the amended complaint is denied.
On September 19, 2007, the injured plaintiff, an employee of the third-party defendant, Starbucks Corporation, allegedly sustained personal injuries when the bottom step of a staircase leading from the street to the basement of the premises located at 145 Second Avenue in Manhattan broke from its weld, causing him to fall. Subsequently, the injured plaintiff, and his wife suing derivatively, commenced this action against the owners of the premises, Second Avenue Village Partners, LLC, and Jonis Realty Management Corp., as well as their managing agent, *602 Citi-Urban Management Corp., alleging, among other things, that they were negligent in allowing, causing, and/or permitting hazardous and unsafe conditions to exist on the staircase. After discovery, the defendants moved, inter alia, for summary judgment dismissing the amended complaint, asserting that, as out-of-possession landlords and their managing agent, they were not responsible for the condition that allegedly caused the accident. The Supreme Court granted that branch of the motion.
“ ‘An out-of-possession landlord’s duty to repair a dangerous condition on leased premises is imposed by statute or regulation, by contract, or by a course of conduct’ ” (Goggins v Nidoj Realty Corp., 93 AD3d 757, 758 [2012], quoting Mercer v Hellas Glass Works Corp., 87 AD3d 987, 988 [2011]; see Rivera v Nelson Realty, LLC, 7 NY3d 530, 534 [2006]; Vialva v 40 W. 25th St. Assoc., L.P., 96 AD3d 735, 736 [2012]; Chapman v MCS Realty, LLC, 92 AD3d 913, 913 [2012]; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 14 [2011]). Here, contrary to the defendants’ contention, they failed to establish, prima facie, that they were not contractually obligated to maintain the subject staircase or repair the defect therein that allegedly caused the injured plaintiffs accident (see Lalicata v 39-15 Skillman Realty Co., LLC, 63 AD3d 889 [2009]). Since the defendants failed to meet their burden on the motion, the Supreme Court should have denied that branch of the motion which was for summary judgment dismissing the amended complaint, regardless of the sufficiency of the plaintiffs’ opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Florio, J.E, Dickerson, Sgroi and Miller, JJ., concur.