In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated July 17, 2012, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is granted.
In the early morning hours of February 19, 2009, the injured plaintiff allegedly fell at his place of employment, which his employer had leased from the defendant. Pursuant to the lease, the injured plaintiffs employer was responsible for “mak[ing] all routine repairs to the Leased Premises, including the repair of pipes, electrical wiring, heating and plumbing systems, fixtures and all other systems and appliances and their appurtenances.” The accident allegedly occurred when the injured plaintiff was ascending an exterior staircase leading to the front entrance, and he missed a step and fell. The plaintiffs alleged that the front porch light of the injured plaintiffs office building was not working, and that it was too dark outside for him to safely traverse the front porch.
The injured plaintiff, and his wife suing derivatively, commenced this action against the defendant. The plaintiffs did not allege that the defendant violated a statute or regulation. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.
“An out-of-possession landlord’s duty to repair a dangerous condition on leased premises is imposed by statute or regulation, by contract, or by a course of conduct” (Mercer v Hellas Glass Works Corp., 87 AD3d 987, 988 [2011]; see Lee v Second Ave. Vil. Partners, LLC, 100 AD3d 601 [2012]; Lugo v Austin- *671 Forest Assoc., 99 AD3d 865 [2012]; Vialva v 40 W. 25th St. Assoc., L.P., 96 AD3d 735 [2012]; Goggins v Nidoj Realty Corp., 93 AD3d 757 [2012]; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10 [2011]). Here, the defendant established its entitlement to judgment as a matter of law by establishing that it was an out-of-possession landlord, that it was not contractually obligated to maintain the lighting at the premises or repair the alleged hazardous condition, that it did not endeavor to perform such maintenance, and that it did not violate any relevant statute or regulation (see Repetto v Alblan Realty Corp., 97 AD3d 735, 737 [2012]; Vialva v 40 W. 25th St. Assoc., L.P., 96 AD3d 735 [2012]; Chapman v MCS Realty, LLC, 92 AD3d 913, 913-914 [2012]; Moltisanti v Virgin Entertainment Group, Inc., 91 AD3d 838 [2012]). In opposition, the plaintiffs failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557 [1980]). Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.