In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), entered December 2, 2011, which *815 granted the defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly was injured while working as a sheet-metal fabricator in a factory building owned by the defendants Hudson View Associates, LLC, and I. Park Hudson, Inc. (hereinafter together the Hudson defendants), and leased by his employer, Kawasaki Rail Car (hereinafter Kawasaki). He alleged that a steel cart that he was pulling became caught on a cracked portion of the floor, causing pieces of steel to fall on his foot. The plaintiff commenced this action against the Hudson defendants, among others, alleging that his injuries were caused by their negligence in failing to maintain the premises in a reasonably safe condition. The Supreme Court granted the Hudson defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff appeals.
An out-of-possession landlord is not liable for injuries caused by dangerous conditions on leased premises in the absence of a statute imposing liability, a contractual provision placing the duty to repair on the landlord, or a course of conduct by the landlord giving rise to a duty (see Rivera v Nelson Realty, LLC, 7 NY3d 530, 534 [2006]; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18 [2011]).
Here, the Hudson defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the code provisions relied upon by the plaintiff do not constitute statutes imposing liability, that the lease placed the responsibility to repair the floor defect on Kawasaki, and that the Hudson defendants did not, through a course of conduct, assume any duty to repair the alleged defect in the floor (see Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 18; see also Grimaldi v 221 Arlington Realty, LLC, 107 AD3d 670, 670 [2013]; Lee v Second Ave. Vil. Partners, LLC, 100 AD 3d 601 [2012]; Lugo v Austin-Forest Assoc., 99 AD3d 865 [2012]; Mercer v Hellas Glass Works Corp., 87 AD3d 987, 988 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the Hudson defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them.
In light of our determination, the parties’ remaining contentions have been rendered academic. Dillon, J.E, Balkin, Austin and Cohen, JJ., concur.