■ DULCE CASTILLO, Appellant, v WIL-COR REALTY CO., INC., Respondent. [972 NYS2d 578]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated May 25, 2012, which granted the

defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly tripped and fell as a result of a defect in a parking lot of premises owned by the defendant and leased to the plaintiff's employer, which is not a party to this action. The plaintiff commenced this action, and the defendant moved for summary judgment dismissing the complaint, contending that, as an out-of-possession landlord, it could not be held liable for the plaintiff's injuries. The Supreme Court granted the defendant's motion.

"An out-of-possession landlord's duty to repair a dangerous condition on leased premises is imposed by statute or regulation, by contract, or by a course of conduct" (*Mercer v Hellas Glass Works Corp.*, 87 AD3d 987, 988 [2011]; *see Lugo v Austin-Forest Assoc.*, 99 AD3d 865 [2012]; *Goggins v Nidoj Realty Corp.*, 93 AD3d 757, 758 [2012]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10 [2011]). Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it was an out-of-possession landlord, that it was not contractually obligated to maintain the subject parking lot, that it did not endeavor to maintain the subject parking lot, and that it did not owe the plaintiff a duty by virtue of any applicable statute or regulation (*see Lugo v Austin-Forest Assoc.*, 99 AD3d 865 [2012]; *Goggins v Nidoj Realty Corp.*, 93 AD3d at 758; *Sciammarella v Manorville Postal Assoc.*, 87 AD3d 530 [2011]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The fact that the plaintiff's expert was not disclosed until seven months after the filing of the note of issue, and his affidavit was submitted only in response to the defendant's motion for summary judgment, does not, in and of itself, render the disclosure untimely (*see Rivers v Birnbaum*, 102 AD3d 26, 39 [2012]). However, the expert's opinion, as set forth in the affidavit, was speculative, conclusory, and insufficient to raise a triable issue of fact (*see Mejia v Era Realty Co.*, 69 AD3d 816 [2010]; *Banks v Freeport Union Free School Dist.*, 302 AD2d 341 [2003]).

The plaintiff's contention that the defendant's motion was premature, raised for the first time on appeal, is not properly before this Court (*see Panteleon v Amaya*, 85 AD3d 993 [2011]). Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.