■ PATRICIA NOTSKAS, Respondent, v LONGWOOD ASSOCIATES, LLC, et al., Appellants. [976 NYS2d 176]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Bruno, J.), dated September 5, 2012, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly sustained injuries when she was struck by an overhead soffit which fell from the ceiling at premises leased to the plaintiff's employer, which is not a party to this action. The plaintiff's employer leased the premises from the defendants. After the plaintiff commenced this action, the defendants moved for summary judgment dismissing the complaint, contending, inter alia, that, as out-of-possession landlords, they could not be held liable for the plaintiff's injuries. The Supreme Court denied the defendants' motion.

An out-of-possession landlord is not liable for injuries caused by dangerous conditions on leased premises in the absence of a statute or regulation imposing liability, a contractual provision placing the duty to repair on the landlord, or by a course of conduct by the landlord giving rise to a duty (*see Lugo v Austin-Forest Assoc.,* 99 AD3d 865, 866 [2012]; *Repetto v Alblan Realty Corp.,* 97 AD3d 735, 737 [2012]; *Alnashmi v Certified Analytical Group, Inc.,* 89 AD3d 10, 18 [2011]; *Mercer v Hellas Glass Works Corp.,* 87 AD3d 987, 988 [2011]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they were out-of-possession landlords, that they were not contractually obligated to maintain the subject soffit, that they did not endeavor to maintain the soffit, and that they did not owe the plaintiff a duty by virtue of any applicable statute or regulation (*see Lugo v Austin-Forest Assoc.,* 99 AD3d at 866-867; *Madry v Heritage Holding Corp.,* 96 AD3d 1022, 1023 [2012]; *Vialva v 40 W. 25th St. Assoc., L.P.,* 96 AD3d 735, 736 [2012]). Contrary to the plaintiff's contention,

"the failure to submit an affidavit by a person with knowledge of the facts is not necessarily fatal to a motion" where, as here, the moving party submits other proof, such as deposition testimony with an attorney's affirmation (*Vetrano v J. Kokolakis Contr., Inc.*, 100 AD3d 984, 986 [2012]; *see Alvarez v Prospect Hosp.*, 68 NY2d at 325; *Olan v Farrell Lines*, 64 NY2d 1092, 1093 [1985]; *Maragos v Sakurai*, 92 AD3d 922, 923 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The defendants' remaining contentions need not be reached in light of the foregoing.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Hall, Roman and Miller, JJ., concur.