■ DANIEL P. MILHAM, Appellant, v PORT AUTHORITY OF NEW YORK & NEW JERSEY, Respondent. [985 NYS2d 595]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated June 7, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff was an employee of American Stevedoring, Inc., which is not a party to this action. During the course of his employment, the plaintiff allegedly sustained personal injuries when a vehicle he was operating made contact with a pothole. The incident occurred within a premises that American Stevedoring, Inc., leased from the defendant. The defendant moved for summary judgment, contending that it was an out-of-possession landlord which could not be held liable for the plaintiff's injuries. The Supreme Court granted the motion.

An out-of-possession landlord's duty to repair a dangerous condition on leased premises is imposed by, inter alia, contract or a course of conduct (*see Lee v Second Ave. Vil. Partners, LLC*, 100 AD3d 601, 602 [2012]; *Lugo v Austin-Forest Assoc.*, 99 AD3d 865 [2012]; *Vialva v 40 W. 25th St. Assoc., L.P.*, 96 AD3d 735 [2012]; *Goggins v Nidoj Realty Corp.*, 93 AD3d 757 [2012]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10 [2011]; *Mercer v Hellas Glass Works Corp.*, 87 AD3d 987, 988 [2011]). " '[C]ontrol is the test which measures generally the responsibility in tort of the owner of real property' " (*Gronski v County of Monroe*, 18 NY3d 374, 379 [2011], quoting *Ritto v Goldberg*, 27 NY2d 887, 889 [1970]).

Here, the defendant submitted evidence sufficient to establish, prima facie, its entitlement to judgment as a matter of law. Pursuant to the lease agreement, the tenant was responsible for making all pavement repairs, and evidence submitted by the defendant, including excerpts from the deposition testimony of the plaintiff and the defendant's employees, demonstrated, prima facie, that it did not endeavor to perform such maintenance (*see Vialva v 40 W. 25th St. Assoc., L.P.*, 96 AD3d 735 [2012]; *Chapman v MCS Realty, LLC*, 92 AD3d 913 [2012]; *Sciammarella v Manorville Postal Assoc.*, 87 AD3d 530 [2011]). However, in op-

position, the plaintiff submitted evidence sufficient to raise a triable issue of fact as to whether the defendant, by its course of conduct, retained control over the premises. The plaintiff submitted, inter alia, his own deposition testimony and the deposition testimony of the defendant's employees, which raised triable issues of fact as to whether the defendant assumed a duty to maintain the subject premises by its course of conduct (*see Gronski v County of Monroe*, 18 NY3d 374 [2011]; *Massucci v Amoco Oil Co.*, 292 AD2d 351 [2002]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Lott and Duffy, JJ., concur.