◼ MICHAEL O'KEEFE III et al., Respondents, v LINDEL CORPORATION et al., Appellants, et al., Defendant. [988 NYS2d 656]—

In an action to recover damages for personal injuries, etc., the defendants Lindel Corporation and Palin Enterprises appeal, as limited by their brief, from so much of an order of the Supreme

Court, Richmond County (Fusco, J.), dated February 11, 2013, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them is granted.

On April 18, 2008, the plaintiff Michael O'Keefe III (hereinafter the injured plaintiff) allegedly sustained personal injuries on premises owned by the defendant Lindel Corporation (hereinafter Lindel) and leased to the defendant Dolan Transportation Services, Inc. (hereinafter Dolan), when he allegedly fell in a pothole in an inadequately illuminated section of the parking lot. The injured plaintiff, and his wife suing derivatively, commenced this action against Lindel, Lindel's owner, Palin Enterprises (hereinafter Palin; hereinafter together the Lindel defendants), and Dolan, alleging, among other things, that they were negligent in creating the pothole and/or maintaining the parking lot in a defective and dangerous condition. Following discovery, the Lindel defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, asserting that Lindel, as an out-of-possession landlord, was not responsible for the condition that allegedly caused the accident, and that Palin had no connection to the property. The Supreme Court denied their motion.

An out-of-possession landlord's duty to repair a dangerous condition on leased premises is imposed by statute or regulation, by contract, or by a course of conduct (see Wenzel v 16302 Jamaica Ave., LLC, 115 AD3d 852 [2014]; Lee v Second Ave. Vil. Partners, LLC, 100 AD3d 601, 602 [2012]; Goggins v Nidoj Realty Corp., 93 AD3d 757 [2012]). Here, the Lindel defendants demonstrated that approximately one year prior to turning over possession of the leasehold premises to Dolan, Lindel made certain repairs to the parking area as requested by Dolan and agreed to in the lease. Dolan's representative acknowledged that he was satisfied with the repairs and that there were no potholes at that time. Moreover, the lease between Lindel, as landlord, and Dolan, as tenant, unequivocally placed the ongoing obligation to repair and maintain the subject parking area and the exterior lighting solely on Dolan. This evidence submitted by Lindel demonstrated that it neither created the alleged defect nor had an ongoing obligation to repair and maintain the area, and, thus, established its prima facie entitlement to summary judgment. Likewise, the Lindel defendants demonstrated

that Palin had no connection to the property. The plaintiffs failed to raise a triable issue of fact in opposition to the motion. Accordingly, the Supreme Court erred in denying that branch of the motion of the Lindel defendants which was for summary judgment dismissing the complaint insofar as asserted against them (*see Castillo v Wil-Cor Realty Co., Inc.*, 109 AD3d 863 [2013]; *Grimaldi v 221 Arlington Realty, LLC*, 107 AD3d 670, 670-671 [2013]; *Mejia v Era Realty Co.*, 69 AD3d 816, 817 [2010]).

Dolan's remaining contentions are without merit. Mastro, J.P., Skelos, Cohen and LaSalle, JJ., concur.