■ RONALD BROWN et al., Respondents, v HAMPTON BAY FISH Co., Defendant, and AMERATA REALTY et al., Appellants. (And a Third-Party Action.) [989 NYS2d 871]—

In an action to recover damages for personal injuries, etc., the defendants Amerata Realty and Frank Cassata appeal from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated September 11, 2012, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

An out-of-possession landlord generally will not be responsible for injuries occurring on its premises absent a duty imposed on the landlord by statute or regulation, by contract, or by a course of conduct (*see Notskas v Longwood Assoc., LLC*, 112 AD3d 599 [2013]; *Lee v Second Ave. Vil. Partners, LLC*, 100 AD3d 601 [2012]; *Lugo v Austin-Forest Assoc.*, 99 AD3d 865, 866 [2012]; *Repetto v Alblan Realty Corp.*, 97 AD3d 735, 737 [2012]; *see also Rivera v Nelson Realty, LLC*, 7 NY3d 530, 534 [2006]; *Chapman v Silber*, 97 NY2d 9, 19-20 [2001]; *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 642 [1996]). Here, the owners of the subject property, the defendants Amerata Realty and Frank Cassata (hereinafter together the Realty defendants), failed to establish, prima facie, that they were not contractually obligated to maintain the cesspool that allegedly caused the plaintiff Ronald Brown's accident (*see Lee v Second Ave. Vil. Partners, LLC*, 100 AD3d 601 [2012]; *Lalicata v 39-15 Skillman Realty Co., LLC*, 63 AD3d 889 [2009]). The lease between the Realty defendants and the defendant Hampton Bay Fish Co. was ambiguous as to which party was responsible for the maintenance of the cesspool. Contrary to the contention of the Realty defendants, the parol or extrinsic evidence they submitted failed to clarify the ambiguity or otherwise establish that they were not obligated to maintain the cesspool.

Since the Realty defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme

Court properly denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them without regard to the sufficiency of the papers submitted in opposition thereto (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 851 [1985]; *Lee v Second Ave. Vil. Partners, LLC*, 100 AD3d at 601). Skelos, J.P., Dillon, Maltese and Barros, JJ., concur.